IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| BETTY SUE COLE, as the personal representative of the Estate of Nelson Tidwell, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 6:14-cv-01671-JEO ) ) |
| WALKER COUNTY, ALABAMA, et al., | ) ) ) |
| Defendants | ) ) |

## MEMORANDUM OPINION

This case is before the court on Defendant Walker County's motion to dismiss the Plaintiff's first amended complaint. (Doc. 48).[1] The motion has been fully briefed. The parties have consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c). (Doc. 64). For the reasons stated below, the court finds that the motion is due to be denied.

## BACKGROUND

This case arises out of the death of Nelson Tidwell, an inmate in the Walker County Jail, who had been incarcerated for five days at the time of his death. Plaintiff Betty Sue Cole, as the personal representative of the Estate of Nelson Edward Tidwell, alleges that Defendant Walker County denied Nelson Tidwell certain constitutional rights while he was incarcerated in the Walker County Jail. Specifically, Cole alleges in her first amended complaint that Walker County was indifferent to Tidwell's serious medical needs in violation of his rights under the Fourteenth Amendment to the United States Constitution. (Doc. 42). Walker County has moved

---

[1] References herein to "Doc. ___" are to the electronic numbers assigned by the Clerk of the Court and located at the top of each document.

to dismiss the first amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Cole's claims fail as a matter of law. (Doc. 48).

## FACTUAL ALLEGATIONS

On August 22, 2012, Nelson Tidwell was arrested at traffic court and transported to the Walker County Jail. (Doc. 42 at ¶ 21). Prior to his arrest, Tidwell was being treated for substance abuse at a methadone clinic and was on a methadone treatment regimen. (*Id*. at ¶ 22). After Tidwell was arrested, his mother, Betty Sue Cole, met with Defendant Trent McCluskey, the jail administrator, and Defendant Roger Childers, who was allegedly identified as the jail physician. (*Id*. at ¶ 23). Cole advised McCluskey and Childers that her son had been undergoing a methadone treatment regimen and would need to be detoxed. (*Id*.) They assured her that they had experience with inmates who were being treated for substance abuse and would get her son the help he needed. (*Id*.)

Over the course of his week in the Walker County Jail, Tidwell was denied adequate medical care required to treat a recovering addict. (*Id*. at ¶ 45). He took in only limited amounts of food and water while incarcerated at the jail. (*Id*. at ¶ 57). As a result, Tidwell became extremely dehydrated and his electrolytes got severely out of balance. (*Id*.) Due to the electrolyte imbalances, Tidwell was in terrible condition. (*Id*. at ¶ 58).

In the early hours of August 29, 2012, Tidwell was disoriented, weak, and experiencing severe pain all over his body. (*Id*.) Tidwell sought medical attention but never received the help he needed. (*Id*.) He was examined by Childers, who conducted only a cursory examination. (*Id*. at ¶ 69). Childers dismissed Tidwell's symptoms and refused to help him further until he showered and cleaned himself up. (*Id*.) Tidwell's condition worsened and he became

non-responsive at some point after 10:00 a.m.  (*Id*. at ¶ 76).  He was transported to Walker Baptist Hospital and died on August 30, 2012.  (*Id*. at ¶ 77).

## STANDARD OF REVIEW

Walker County has filed a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) arguing that Cole's allegations fail to state a claim upon which relief can be granted.  Motions to dismiss under Rule 12(b)(6) test the sufficiency of the pleadings.  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  When reviewing a motion to dismiss, a court must accept all factual allegations set forth in the complaint as true, and view them in light most favorable to the plaintiff.  *Saunders v. Duke*, 766 F.3d 1262, 1266 (11th Cir. 2014).  To survive such a motion, the plaintiff must plead "only enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level." *Saunders*, 766 F.3d at 1266 (quoting *Twombly*, 550 U.S. at 555).

## DISCUSSION

In Count I of her complaint (the only count asserted against Walker County), Cole seeks to hold Walker County liable pursuant to 42 U.S.C. § 1983 for violations of Tidwell's rights as a pretrial detainee.  Specifically, Cole alleges that Walker County is responsible for funding the Walker County Jail, including medical care at the jail.  Cole alleges that Walker County contracted with Defendant Preemptive Forensic Health Solutions, L.L.C. ("PFHS") to provide

medical services at the Walker County jail because they were substantially cheaper than other medical contractors. (Doc. 42 at ¶ 98). She further alleges that Walker County continued to retain PFHS's medical services with knowledge of their insufficient policies and practices. (*Id*. at ¶ 100). Cole contends that Walker County was deliberately indifferent to Tidwell's serious medical needs and despite knowledge of these needs, took no action or took inadequate inaction and thereby deprived Tidwell of his rights under the Fourteenth Amendment.[2]

Walker County argues that Cole's claims fail as a matter of law because (1) local governments cannot be held liable under Section 1983 for acts that the local government has no authority to control and (2) Cole has failed to allege any claims that plausibly fall within the County's sole duty to build, maintain, and fund a jail. (Docs. 48 & 49). As detailed below, the court finds that the allegations of wrongdoing by Walker County are sufficient to state a claim for relief.

**A.     42 U.S.C. § 1983**

42 U.S.C. §1983 was enacted as a way to protect citizens of the United States or other persons within the jurisdiction from "deprivation of any rights, privileges, or immunities secured by the constitution and laws." 42 U.S.C. § 1983. Municipalities and other local government units are included among those persons to whom Section 1983 applies. *Monell v. Department of Social Services*, 436 U.S. 658 (1978). "When evaluating a local government's section 1983 liability 'a court "looks only to whether the municipality has conformed to the requirements of the Federal Constitution and statutes." ' *Maine v. Thiboutot*, 448 U.S. 1 (1980) (quoting *Owen v.*

---

[2]In Cole's response to Walker County's motion to dismiss, Cole clarifies that she is only seeking to hold Walker County liable for its failure to adequately fund medical care (by not funding a medical doctor). (Doc. 55 at 2).

*City of Independence, Mo.*, 445 U.S. 622 (1980)).'' *Cagle v. Sutherland*, 355 F.3d 980, 986 (11th Cir. 2003).  A local government or municipality is liable under Section 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury…" *Mandel v. Doe*, 888 F.2d 783, 791 (11th Cir. 1989) (quoting *Monell*, 436 U.S. at 694).  In other words, a municipality cannot be held liable under Section 1983 solely based on a respondeat superior theory.  *Id.*  Additionally, "local governments can never be held liable under § 1983 for the acts of those whom the local government has no authority to control.  A local government 'must have power in an area in order to be held liable for an official's acts in that area.' " *Turquitt v. Jefferson County, Ala.*, 137 F.3d 1285, 1292 (11th Cir. 1998) (quoting *McMillian v. Johnson*, 88 F.3d 1573, 1577 (11th Cir. 1996)).  To establish municipal liability, a plaintiff must show some affirmative link between the policy and the constitutional violation that has been alleged.  *Anderson v. City of Atlanta*, 778 F.2d 678, 685 (11th Cir. 1985).  Alabama counties have only the powers and duties delegated to them by the Alabama Legislature.

**B.     Walker County's Statutory Duties Regarding the Jail**

Regarding a county's statutory duties with respect to a jail, United States District Judge L. Scott Coogler has noted, in relevant part:

> The Court begins its analysis by examining the relationship between Alabama counties and their sheriffs and the delineation of duties between the two. Under Alabama law, counties have only the powers delegated to them by the legislature. *See Turquitt*, 137 F.3d at 1289.  The sheriff, rather than the county, "has legal custody and charge of the jail in his county and all prisoners committed thereto...." Ala. Code § 14-6-1 (1975).  Moreover, in matters related to the supervision of inmates and otherwise operating the county jails, Alabama's sheriffs are state, not county, officers, and a sheriff's authority is totally independent of the county commission. *Turquitt*, 137 F.3d at 1289-90.  Sheriffs

have full responsibility for daily management of the jails, including inmate supervision, and they are not subject to county oversight in their performance of this responsibility. *Turquitt*, 137 F.3d at 1289. The Alabama Department of Corrections, a state agency, oversees the county jails and has the authority to regulate and inspect them to aid in securing just, humane, and economic management. *Id.*

Alabama counties do possess some duties with respect to county jails. None of these duties "relates to the daily operation of the jails or to the supervision of inmates." *Turquitt*, 137 F.3d at 1289. "The duties of the counties with respect to the jails 'are limited to funding the operation of the jail and providing facilities to house the jail.'" *Id.* (citing *Stark v. Madison County*, 678 So. 2d 787, 787 (Ala. Civ. App. 1996)). Moreover, Section 14-6-19 of the Alabama Code provides that

> [n]ecessary clothing and bedding must be furnished by the sheriff or jailer, at the expense of the county, to those prisoners who are unable to provide for themselves, and also necessary medicines and medical attention to those who are sick or injured, when they are unable to provide for themselves.

Ala. Code § 14-6-19 (1975) (emphasis added). This statutory section "places a duty on the county to fund [the medical care described in the statute]." *Gaines v. Choctaw County Comm'n*, 242 F. Supp. 2d 1153, 1161 (S.D. Ala. 2003)….

*Shaw v. Coosa County Commission*, 330 F. Supp. 2d 1285, 1288-89 (N.D. Ala. 2004) (footnote omitted).

C. **Analysis**

Cole's Section 1983 claim against Walker County is premised on the County's alleged failure to adequately fund medical care at the Walker County Jail. Cole alleges that the County "initially contracted with PFHS and Childers [to provide medical care at the jail] because they were substantially cheaper than other medical contractors." (Doc. 42 at ¶ 98). She also alleges that Childers, "with the knowledge and consent of county policymakers, held himself out to be the jail physician" even though he was a nurse and not a physician. (*Id.* at ¶¶ 26-27). She further

alleges that Walker County "was aware of the need for a physician and was aware that PFHS and Childers were not providing physician medical services as required by the contract," but "chose to retain PFHS to save money with knowledge that inmates were being denied physician medical services to the detriment of [their] health and safety …." (*Id.* at ¶¶ 97, 100).  She alleges that Walker County "intentionally refused to adequately fund medical care with deliberate indifference to the serious medical needs of inmates such as Tidwell, had a policy of not adequately funding inmate medical care, and did thereby contribute to cause Tidwell's injuries and death." (*Id.* at ¶ 107).

In order to establish liability on the part of Walker County, Cole must point to facts that demonstrate either actual knowledge or a policy that demonstrates Walker County's deliberate indifference.  *Cagle*, 334 F.3d at 987.  Here, Cole has alleged that the County was aware that PFHS and Childers were not providing physician medical services as required by their contract and that the County, despite such knowledge, continued to retain PFHS to save money. (*Id*. at ¶¶ 96-100).  The court cannot conclude as a matter of law that these allegations are insufficient to support a claim.  As noted by Judge Coogler in *Shaw*,

> While it is true that the Eleventh Circuit Court of Appeals has recognized that under Alabama law a county is not responsible for assuring procedures are in place for inmates to get medical care,[3] it is also true that the Eleventh Circuit

---

[3]In *Bell v. Shelby County, Ala*., 2013 WL 2248247 (N.D. Ala. 2013), Judge Coogler observed:

The Eleventh Circuit has noted:

> The federal courts have consistently ruled that governments, state and local, have an obligation to provide medical care to incarcerated individuals.  This duty is not absolved by contracting with an entity such as [an independent contractor].  Although [an independent contractor] has contracted to perform an obligation owed by the county, the county itself remains liable for any constitutional deprivations caused by the

> Court of Appeals has acknowledged the role, albeit a limited one, assigned to counties under Alabama law to fund jails. Where, as here, a complaint alleges that the harm to plaintiff's decedent occurred because of a failure to fund medical treatment in an Alabama jail, the Court cannot say as a matter of law that the county cannot be held liable. Accordingly, the motion to dismiss is due to be DENIED to the extent that the County Commission has argued it has no responsibility for the events alleged in the Complaint.

*Shaw*, 330 F. Supp. 2d at 1289. The undersigned finds this reasoning persuasive. Accordingly, to the extent the amended complaint alleges that Walker County is liable for Tidwell's injuries and death due to a failure to adequately fund medical treatment in the Walker County Jail, the motion to dismiss is due to be denied. *See also Williams v. Limestone County*, 198 F. App'x 893 (11th Cir. 2006) (stating that "Section 1983 requires proof of an affirmative causal link between the official's acts or omissions and the alleged constitutional deprivation.... The causal connection may be proven by showing the official (1) was personally involved in the acts or omissions which resulted in the constitutional deprivation; (2) established a policy or custom that resulted in the constitutional deprivation; or (3) breached a duty imposed by state or local law.").

To the extent Alabama statutory law provides that "[t]he county commission in each county *may* elect a physician to attend to the inmates at the county jail," the court does not find this language dispositive under the present allegations. ALA. CODE § 14-6-20 (1975) (italics added) (*see also Gaines v. Choctaw County Comm'n*, 242 F. Supp. 2d 1153, 1162 (S.D. Ala.

---

> policies or customs of the [independent contractor]. In that sense, the county's duty is non-delegable. Lack of funds for facilities cannot justify an unconstitutional lack of competent medical care and treatment for inmates.

*Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 705 (11th Cir. 1985) (internal citations omitted).

*Bell*, 2013 WL 2248247 at *6.

2003) (holding that because § 14-6-20 is permissive, not mandatory, Choctaw County had no duty to hire a physician).[4]

In order to survive a motion to dismiss, Cole's claim against Walker County must have facial plausibility. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility requirement asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Mere conclusory statements are not accepted as true and the plaintiff must show something more in order to survive a motion to dismiss. *Id.* In her first amended complaint, Cole alleges that Walker County acted with deliberate indifference when County officials put the County's budgetary interests ahead of inmate health and safety by funding medical staffing headed by a non-physician (Childers). Cole further alleges that Walker County had a policy of providing inadequate medical care because it used the cheapest contactor available with knowledge that the contractor was using a nurse to provide necessary physician services. While it remains to be seen whether discovery will bear out these allegations, the court finds that the allegations are sufficient to overcome the motion to dismiss.

Walker County argues that Cole "has failed to allege any claims that plausibly fall within the County's sole duty to build, maintain, and fund the jail. Instead, the Amended Complaint merely presents conclusory allegations of conspiracy disguised as factual averments." (Doc. 49 at 9). While the court notes that some of the allegations in the original complaint were

---

[4]In discussing deliberate indifference, the *Gaines* court noted that because Choctaw County did have the authority to act with regard to the appointment of a physician, " its failure to do so could be construed as a County policy." *Gaines*, 242 F. Supp. 2d at 1163.

conclusory,[5] the First Amended Complaint, as quoted above, adds more factual specificity. To the extent Walker County argues that the "conspiracy theories still loom in the Amended Complaint," that is not an adequate reason to grant a motion to dismiss concerning an otherwise adequate recitation of facts and circumstances. (Doc. 49 at 9). Similarly, the County's protestation that "[p]laintiff's theory of liability is implausible," and its argument that "[u]nder [p]laintiff's theory, the County would have to gather numerous individuals malevolent enough to systematically withhold medical care from individuals in need of treatment," are insufficient to support the granting of the motion. (*Id*. at 10).

## CONCLUSION

For the reasons discussed above, the court finds that Cole has stated a claim upon which relief may be granted with regard to Walker County's failure to fund adequate medical care in this instance. Therefore, Defendant Walker County's motion to dismiss the amended complaint is due to be denied. An appropriate order will be entered.

**DATED**, this 16th day of April, 2015.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge

---

[5]For example, see paragraphs 51 ("Defendants ... were also part of an explicit or implicit agreement or plan to delay or deny necessary medical care to avoid having to pay for medical care..."); 54 ("To a large extent, these constitutionally-deficient policies and practices ... were created and implemented by the agreement between [Defendants]"); 56 ("because of the agreement, [Defendants] have failed and refused to address known systemic deficiencies..."); 57 & 61 ("In order to control costs, Defendant PFHS, with the knowledge of and consent of [the other Defendants] staffed the Walker County Jail inadequately, hired sub-standard medical personnel willing to put costs over inmate health and safety, denied inmates medications, and delayed or denied medically-necessary referrals to outside providers...."). (Doc. 1).